| | | |
|---|---|---|
| TAMRA SUE NEY, <br> 1321 Rentzel Road <br> Biglerville, Pennsylvania 17307, | * <br><br> * | IN THE <br><br> UNITED STATES DISTRICT COURT |
| and | * | FOR THE |
| ERNEST NEY, <br> 1321 Rentzel Road <br> Biglerville, Pennsylvania 17307, | * <br><br> * | DISTRICT OF MARYLAND <br><br> (NORTHERN DIVISION) |
| Plaintiffs, | * | |
| v. | * | |
| PAUL M. McNEILL, M.D., <br> 77 Thomas Johnson Drive, Suite E <br> Frederick, Maryland 21702, | * <br><br> * | |
| and | * | |
| MARYLAND SURGICAL CARE, P.C. <br> d/b/a CAPITOL VEIN & LASER CENTERS <br> 77 Thomas Johnson Drive, Suite E <br> Frederick, Maryland 21702, | * <br><br> * <br><br> * | |
| SERVE ON: <br>    Paul M. McNeill, M.D. <br>    6114 Spring Meadow Lane <br>    Frederick, Maryland 21701, | * <br><br> * | Civil Action No.: |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Tamra Sue Ney and Ernest Ney, Plaintiffs, by and through their undersigned attorneys, Stephen J. Hughes and Treanor Pope and Hughes, P.A., sues Paul M. McNeill, M.D. and Maryland Surgical Care, P.C., d/b/a Capitol Vein & Laser Centers, and in support thereof, state:

## JURISDICTION AND VENUE

1. Plaintiffs Tamra Sue Ney and Ernest Ney are citizens and residents of the Commonwealth of Pennsylvania, residing at 1321 Rentzel Road, Biglerville, Pennsylvania 17307.

2. Paul M. McNeill, M.D. ("Dr. McNeill") is, on information and belief, a citizen and resident of Frederick County, Maryland, who regularly transacts business and provides medical care and treatment to patients in Frederick County and other counties in the State of Maryland, and at all times relevant hereto, was an agent, servant and/or employee of Maryland Surgical Care, d/b/a Capitol Vein & Laser Centers (the "P.C.").

3. The P.C. is a corporation organized and operating under the laws of the State of Maryland and was, at all relevant times hereto, a Health Care Provider which, by its agents, servants, and employees, both actual and/or apparent, rendered medical care to citizens of the State of Maryland as well as Southern Pennsylvania. It was also the actual and apparent employer of Dr. McNeill.

4. The amount of this claim exceeds Thirty Thousand Dollars ($30,000.00).

5. Venue in this case is proper in Frederick County, Maryland, the United States District Court for the District of Maryland (Northern Division), and may be proper elsewhere.

6. This case was commenced by the filing of a Statement of Claim with the Health Care Alternative Dispute Resolution Office of Maryland on November 19, 2009. The deadline for filing a Certificate of Merit and Report was extended to May 19, 2010 and on May 17, 2010, a Certificate of Merit and Report was filed with the HCADRO. A Notice of Election to Waive

Arbitration was filed and on May 25, 2010, an Order was entered by the Director transferring the case to the United States District Court for the District of Maryland (Northern Division).

## FACTS COMMON TO ALL COUNTS

7. At all times relevant hereto, Defendants McNeill and the P.A. held themselves out to the public at large, and to the Plaintiffs in particular as capable of providing specialized medical care to citizens and residents of Frederick County in the State of Maryland, including care with respect to the diagnosis and treatment of varicose veins.

8. On or about November 7, 2006, Plaintiff Tamra Sue Ney ("Mrs. Ney") first saw Dr. McNeill at the referral of her family doctor for varicose veins in her right leg. Dr. McNeill recommended closure of the greater saphenous vein.

9. On November 22, 2006, Dr. McNeill performed the above-referenced procedure. Thereafter, Mrs. Ney developed some discomfort in the general area of the surgery.

10. Mrs. Ney returned to Dr. McNeill. He diagnosed reflux of the lesser saphenous vein and performed a "vein stripping" procedure on Mrs. Ney on May 3, 2007. This procedure was not indicated.

11. Following the second procedure performed by Dr. McNeill, the pain experienced by Mrs. Ney increased in intensity. She developed a dull, burning sensation and a "constant throb" which now required her to be on regular pain medications and under the care of a pain management specialist.

12. Mrs. Ney went back to see Dr. McNeill several times after the second surgery with complaints of pain. Dr. McNeill recommended a "stab" phlebectomy of the right leg, which was performed on or about December 6, 2007. This procedure afforded no relief.

13.     The pain that Mrs. Ney was experiencing became so painful that she was required to limit her activities, and cut back on her work hours.

14.     After continued sessions with Dr. McNeill afforded no relief, Mrs. Ney returned to her family doctor and requested a referral to a different physician. She was referred to a general and vascular surgeon in Hanover, Pennsylvania who, following testing, diagnosed her with a neuropathy caused by the surgery performed by Dr. McNeill, and referred her to a pain clinic for chronic pain management.

15.     Despite management of her pain, the pain that Mrs. Ney experiences on a daily basis is disabling and restricts the types of activities in which she can engage, and the number of hours that she can work per week. It has also interfered with the activities that she can pursue with her family, and with her activities as a mother, taking care of small children.

16.     The foregoing injuries were occasioned solely by the negligence of Dr. McNeill in his treatment of Mrs. Ney, without any negligence on her part contributing thereto.

## COUNT I
## NEGLIGENCE

17.     The facts and matters alleged in Paragraphs 1 through 16 above, are repeated and realleged as if fully set forth herein.

18.     As a Health Care Provider rendering services to patients in the State of Maryland, Dr. McNeill owed to the public at large and to Mrs. Ney in particular a duty to exercise that degree of care and skill ordinarily exercised by reasonably competent practitioners within their area of specialty acting under the same or similar circumstances.

19.     Dr. McNeill breached the applicable standards of care in the treatment of Mrs. Ney in that he failed to use due care in diagnosing her condition and in recommending

interventions for treatment of that condition, performed an unnecessary and unwarranted surgical procedure, performed the surgical procedures in such a way as to cause injury and damage to Mrs. Ney, and was otherwise negligent.

20. As a direct result of the negligence of Dr. McNeill as aforesaid, Mrs. Ney has developed a neuropathy in her leg and a chronic pain condition which causes her severe daily pain, and limits and restricts the activities in which she can engage, both from an employment perspective, and as a wife and mother. As a consequence of the negligence of Dr. McNeill, Mrs. Ney has experienced significant disability and, despite treatment, has yet to accomplish an abatement of the significant pain inflicted by the surgery performed by Dr. McNeill.

21. As a direct consequence of the facts outlined above, Mrs. Ney was caused to suffer extreme pain, mental anguish, embarrassment, humiliation, and other economic and non-economic damages, including past and future medical expenses, without any negligence on her part contributing thereto.

WHEREFORE, Tamra Sue Ney, Plaintiff, demands judgment against Paul M. McNeill, M.D. for all injuries and damages which she has suffered as a direct consequence of the negligence of this Defendant, as aforesaid.

## COUNT II
**INFORMED CONSENT**

22. The facts and matters alleged in Paragraphs 1 through 21 above, are repeated and realleged as if fully set forth herein.

23. As a Health Care Provider rendering care to Tamra Sue Ney, Dr. McNeill owed to Mrs. Ney a duty to obtain her proper informed consent to any contemplated procedure by

apprising Mrs. Ney of the risks, benefits, potential complications and reasonable alternatives to the proposed procedure.

24.	Dr. McNeill failed to disclose to Mrs. Ney all of those risks, complications and alternatives to treatment that a reasonably prudent patient in the position of Mrs. Ney would consider material in making a decision as to whether or not to submit to the proposed treatment.

25.	By failing to do so, Dr. McNeill failed to obtain Mrs. Ney's proper informed consent.

26.	As a direct and proximate result of the failure of Dr. McNeill to obtain Mrs. Ney's proper informed consent, Mrs. Ney was caused to suffer and sustain a severe injury accompanied by extreme and persistent pain, limitation of activities, mental anguish, embarrassment, humiliation, past and future medical expenses, and other injuries, without any negligence on her part contributing thereto.

WHEREFORE, Tamra Sue Ney, Plaintiff, requests the entry of judgment against Paul McNeill, M.D. for all injuries and damages which she has sustained as a consequence of this Defendant's failure to obtain her proper informed consent.

## COUNT III
### (VICARIOUS LIABILITY)

27.	The facts and matters alleged in Paragraphs 1 through 26 above, are repeated and realleged as if fully set forth herein.

28.	Dr. McNeill was, at all times relevant hereto, the actual or apparent agent, servant or employee of the P.C., acting within the scope of his employment.

29.	The P.C. is vicariously liable for the negligent conduct of its actual and apparent agents, servants, and employees committed while acting within the scope of their employment.

30. The P.C. is therefore vicariously liable for the negligence of Dr. McNeill as aforesaid, in connection with his care and treatment of the Plaintiff, Tamra Sue Ney.

WHEREFORE, Tamra Sue Ney, Plaintiff, demands judgment against Maryland Surgical Care, P.C., d/b/a Capitol Vein & Laser Centers for all injuries and damages which she has sustained as a consequence of the negligence of its actual and/or apparent agents, servants, and employees as aforesaid.

## COUNT IV
## (LOSS OF CONSORTIUM)

31. The facts and matters alleged in Paragraphs 1 through 32 are repeated and realleged as if fully set forth herein.

32. At all times relevant hereto, Plaintiffs Tamra Sue Ney and Ernest Ney were and are husband and wife.

33. The negligent conduct of the Defendants, as previously described, caused injury to the marital relationship of Mr. and Mrs. Ney, including, but not limited to, a loss of society, affection, assistance, and companionship as a consequence of Mrs. Ney's pain and disability.

WHEREFORE, Tamra Sue Ney and Ernest Ney, husband and wife, Plaintiffs, demand judgment against the Defendants for all injuries and damages to their marital relationship which they have sustained as a consequence of the negligence of these Defendants, as aforesaid.

Respectfully submitted,

/s/ Stephen J. Hughes

Stephen J. Hughes
Federal Bar No.: 03313
Treanor Pope & Hughes, P.A.
29 W. Susquehanna Avenue, Suite 110
Towson, Maryland 21204
sjhughes@tph-law.com
Tel: (410) 494-7777

Attorneys for Plaintiffs